IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES W. RAY

                Petitioner,                                    ORDER

     v.                                                         08-cv-69-bbc

RICHARDO MARTINEZ, Warden; RICHARD
ENGLE, Associate Warden; JOHN SHOOK,
Associate Warden; A. SALAS, Captain;
D. SPROUL, Unit Manager; JOETTA A.
TERRELL, Discipline Hearing Officer;
S. LACY, Discipline Hearing Officer;
MICHAEL K. NALLEY, Regional Director;
HARRELL WATTS, National Inmate Appeals
Administrator; J. ROEBUCK, Lieutenant;
ALICE DREWITZ, Discipline Hearing
Coordinator; JOHN DOE and JANE DOE;

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered in this case on February 14, 2008, I assessed petitioner an initial partial payment of the $350 filing fee in the amount of $38.65 and gave him until March 6, 2008, in which to submit his payment. Now petitioner has filed a letter dated February 20, 2008, that I construe as a motion to waive the initial partial payment. In his motion, petitioner says that he does not have the funds to pay the $38.65 initial partial payment and the small balance he has currently is intended for legal costs including filing fees, postage and

copy card fees.

Under §1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Petitioner may think that he falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise. Petitioner's immediate shortage of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to 28 U.S.C. § 1915(b)(4). In <u>Newlin v. Helman</u>, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

In this case, I was able to calculate petitioner's initial partial payment based on information he provided in his inmate account balance statement at the time of filing. This statement showed that on January 19, 2008, petitioner's average daily balance for the previous six-month period was $193.27, and 20% of that amount was $38.65. Section 1915

does not grant courts discretion to reduce or waive an initial partial payment, even if the prisoner says he is unable to pay it. Moreover, I am unconvinced by petitioner's arguments that he is unable to make the payment because of legal obligations. Initial partial payments assessed under § 1915(b)(1) are to receive priority over petitioner's other debts. <u>Walker v. O'Brien</u>, 216 F.3d 626, 628 (7th Cir. 2000)(initial partial payments are to "come off the top" of all deposits to prisoner's account). Thus, the fact that petitioner owes filing fees for other cases does not prevent him from utilizing a new deposit to make the $38.65 payment he has been assessed in this case.

It may well be that petitioner will not be able to pay the initial partial payment he owes from one deposit made to his account. The trust fund account statement petitioner provided with his current motion shows that he receives approximately $10 per month from his employment at the prison. Thus, it may take petitioner up to four months in which to accumulate enough money to pay the $38.65 initial partial payment and I cannot put this case on hold until then.

Perhaps petitioner will be able to obtain the funds from another source or his prison pay will increase in the near future. Therefore, I am willing to allow him an extension of 30 days time to pay the initial partial filing fee. If, however, by April 4, 2008, petitioner is unable to pay the initial partial payment, I will consider that he has withdrawn this action and he will not owe a filing fee. In that event, if, at some future time, enough time elapses that a six month trust fund account statement would show that he owes a smaller payment

based on his smaller income, he would be free to file a new lawsuit.

## ORDER

IT IS ORDERED that

1. Petitioner's letter dated February 20, 2008, construed as a motion to waive the initial partial payment he was ordered to pay in this court's order of February 14, 2008 (dkt. #5) is DENIED.

2. Petitioner may have an enlargement of time to April 4, 2008, in which to submit a check or money order made payable to the clerk of court in the amount of $38.65. If, by April 4, 2008, petitioner fails to make the initial partial payment, the clerk is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 3rd day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge